**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIKOLAY DILANYAN, individually and on behalf of others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>G-STAR RAW ESTORE, INC; and DOES 1 to 50, inclusive;<br><br>Defendants. | Case No. 1:25-CV-06768-JHR<br><br>**FIRST AMENDED COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff NIKOLAY DILANYAN ("Plaintiff") files this Class Action Complaint and Demand for Jury Trial against Defendants G-STAR RAW ESTORE, INC; and DOES 1 to 50, inclusive (collectively "Defendant"), and based on information and belief, hereby alleges and complains as follows:

## INTRODUCTION

1. This is a putative class action for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, in sending telemarketing messages at unlawful times.

2. This case arises from Defendant's repeated and unauthorized telemarketing text messages sent to Plaintiff and other consumers during prohibited hours, in direct violation of the TCPA's "quiet hours" rule.

3. The TCPA strictly prohibits telemarketing calls and texts to consumers before 8:00 a.m. and after 9:00 p.m., local time at the recipient's location. This safeguard exists to protect consumers' privacy and prevent intrusions at times when such interruptions are most unwelcome.

4. Defendant ignored this restriction and continued sending marketing text messages outside of lawful hours, disturbing consumers during their early mornings and late evenings.

5. Defendant's actions were not isolated mistakes. They were part of an ongoing marketing practice conducted without regard for legal compliance or consumer privacy.

6. These messages were sent for the sole purpose of promoting Defendant's products and driving sales, regardless of the inconvenience and harm caused to recipients.

7. Under the TCPA, liability for quiet hours violations is strict. Defendant's failure to comply with these time-based restrictions subjects it to statutory damages, without regard to whether it used an autodialer or obtained prior consent.

8. The TCPA entitles any person who receives more than one telemarketing call or text during prohibited quiet hours to recover statutory damages of up to $500 per violation, and up to $1,500 per violation for willful or knowing misconduct.

9. Through this action, Plaintiff seeks to hold Defendant accountable for its repeated invasions of privacy, deter future violations, and obtain all available remedies provided by law, including statutory damages and injunctive relief.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

11. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the proposed classes consists of at least one member who is a citizen of a different state than Defendant, and the amount in controversy exceeds $5,000,000.

12. This action was transferred to the Southern District of New York

pursuant to order of the Central District of California. Defendant G-Star Raw eStore, Inc. is subject to personal jurisdiction in this District because it maintains its principal place of business at 666 Broadway, 5th Floor, New York, New York 10012, conducts business in New York, and its text message marketing operations giving rise to Plaintiff's claims were initiated from New York.

13. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because Defendant resides in this District within the meaning of 28 U.S.C. § 1391(c), and a substantial part of the events giving rise to Plaintiff's claims — including the initiation and transmission of the text messages at issue — occurred in this District.

## PARTIES

14. Plaintiff Nikolay Dilanyan is a natural person and current resident of Los Angeles County, California.

15. Plaintiff is a "called party" and "residential telephone subscriber" as those terms are used in the Telephone Consumer Protection Act and its implementing regulations.

16. Plaintiff suffered concrete injuries, including invasion of privacy and disruption of daily life, sufficient to confer Article III standing.

17. Defendant G-Star Raw eStore, Inc. is a Delaware corporation with its principal place of business located at 666 Broadway, 5th Floor, New York, NY

10012.

18. Defendant is a nationwide retailer that markets and sells clothing products, including through online channels targeting consumers throughout California and this District.

19. Defendant is a "person" as defined by 47 U.S.C. § 153(39) and is subject to liability under the TCPA.

20. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the CCP § 474. Plaintiff is informed and believes, and thereon alleges that each Named Defendant and each Defendant designated as a Doe is involved in or is in some manner responsible as an officer, director, managing agent, principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## FACTUAL ALLEGATIONS

21. Plaintiff resided in Chatsworth, California, located in Los Angeles County.

22. Plaintiff received all of the unlawful telemarketing text messages from Defendant while residing in Los Angeles, California.

23. Defendant is a clothing retailer that markets its products through aggressive telemarketing campaigns, including mass text message solicitations sent directly to consumers' personal cell phones.

24. Defendant uses these text messages to advertise sales, promotions, and other commercial offers designed to drive traffic to its online store and increase product sales.

25. Between November 28, 2022, and December 2, 2024, Defendant made at least forty-five (45) business marketing solicitations to Plaintiff's cellphone number ending in 8888, from Defendant's 70377 number, either before 8 a.m. or after 9 p.m. in Plaintiff's local time as depicted below:







26. As displayed by the above screenshots, the telephone message solicitations were initiated at 7:13 a.m., 6:10 a.m., and 7:06 a.m. in Plaintiff's local time.

27. Plaintiff was physically located in Los Angeles County at the time each message was received.

28. Defendant sent at least forty-five (45) business solicitation messages to Plaintiff before 8 a.m. or after 9 p.m. in Plaintiff's local time.

29. Defendant's messages did not include any sort of opt-out instructions.

30. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff clothing.

31. These messages were received by Plaintiff before 8:00 a.m. or after 9:00 p.m., local time at Plaintiff's location, in violation of the Telephone Consumer Protection Act's quiet hours restriction, 47 C.F.R. § 64.1200(c)(1).

32. Plaintiff uses the cellular telephone number that received Defendant's text messages for personal purposes. This number is Plaintiff's primary personal line and main point of contact and is not used for business purposes.

33. Plaintiff did not consent to receive marketing text messages from Defendant during prohibited hours, nor did Plaintiff provide express permission to be contacted at those times.

34. At no point did Defendant ever seek or obtain Plaintiff's consent to receive marketing text messages before 8:00 a.m. or after 9:00 p.m. local time at Plaintiff's location.

35. Plaintiff has not purchased goods or services from Defendant since August 2021.

36. Defendant failed to implement any system, policy, or procedure to verify the local time at the physical location of message recipients before transmitting marketing text messages. Defendant’s text message program transmitted messages based on a standardized schedule without regard to the geographic location, local time zone, or local time of individual recipients. As a result, Defendant systematically transmitted marketing text messages to Plaintiff and other recipients during hours prohibited by 47 C.F.R. § 64.1200(c)(1).

37. On information and belief, Defendant was aware or should have been aware that its marketing text message program transmitted messages to recipients across multiple time zones, and that a standardized transmission schedule would result in messages being received by some recipients before 8:00 a.m. or after 9:00 p.m. local time. Defendant's failure to implement time-zone verification or local-time-based scheduling was knowing, willful, and in disregard of Plaintiff's and putative class members’ rights under the TCPA.

38. Defendant’s messages were not made for emergency purposes and did not concern any transaction initiated by Plaintiff.

39. The sole purpose of these text messages was to promote Defendant’s retail products and solicit purchases from Plaintiff and other consumers.

40. Defendant sent these messages using automated systems capable of transmitting large volumes of text messages with minimal human intervention.

41. Defendant failed to implement adequate policies or procedures to ensure compliance with the TCPA's quiet hours provision, resulting in text messages being sent to consumers, including Plaintiff, outside of lawful hours.

42. Defendant's conduct was not an isolated incident. Upon information and belief, Defendant engaged in a widespread practice of sending marketing text messages to consumers during prohibited quiet hours without verifying recipients' local time zones.

43. Upon information and belief, Defendant maintains or has access to outbound transmission records for its marketing text messages. These records identify the dates, times, recipient phone numbers, and content of each message sent to Plaintiff and class members.

44. By sending text messages at unlawful times, Defendant intruded upon Plaintiff's seclusion and disrupted his personal life during early morning and late evening hours.

45. Plaintiff was annoyed, frustrated, and inconvenienced by these unwanted text messages, which invaded his privacy and disturbed his peace.

46. Plaintiff's experience reflects a pattern of misconduct by Defendant, who prioritized marketing reach over compliance with federal law and basic

consumer privacy.

## CLASS ALLEGATIONS

47. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to R23 of the Federal Rules of Civil Procedure.

48. Plaintiff seeks to represent "the Quiet Hours Class" defined as:

> All persons in the United States who, (1) within four years preceding the filing of this action and up through the date of class certification, (2) received more than one telemarketing text message from Defendant, or from a third party acting on Defendant's behalf, (3) during any twelve-month period, (4) where at least one of those messages was sent before 8:00 a.m. or after 9:00 p.m., local time at the recipient's location.

49. For purposes of this Class definition, receipt of a telemarketing text message 'before 8:00 a.m. or after 9:00 p.m., local time at the recipient's location' is determined by reference to the physical location of the recipient at the time the message was received, without regard to the area code assigned to the recipient's telephone number.

50. Plaintiff additionally seeks to represent a "ATDS Class" defined as:

> All persons in the United States who, (1) within four years preceding the filing of this action and up through the date of class certification, (2) received one or more marketing text messages from Defendant, or from a third party acting on Defendant's behalf, (3) transmitted via short code or automated system operated by or on behalf of Defendant, (4) to a cellular telephone number, (5) without prior express written consent satisfying the requirements of 47 C.F.R. § 64.1200(f)(9).

51. Plaintiff reserves the right to amend or refine the proposed class

definitions as further investigation and discovery reveal additional facts.

52. Excluded from the classes are Defendant, its officers, directors, employees, agents, and affiliates, as well as any entity in which Defendant has a controlling interest. Also excluded are the Court and its staff.

## NUMEROSITY

53. The proposed classes include thousands of individuals across the United States who received telemarketing text messages from Defendant during prohibited quiet hours.

54. Defendant's outbound transmission records and message logs will identify the total number of affected consumers and establish the numerosity of the classes.

55. Joinder of all class members would be impracticable given the size and geographic dispersion of the classes.

56. The exact number and identities of class members are presently unknown and can be determined through discovery. Identifying class members is a ministerial task based on Defendant's business records.

## COMMONALITY

57. There are numerous questions of law and fact common to the classes that predominate over any questions affecting only individual members, including but not limited to:

58. Whether Defendant sent telemarketing text messages to Plaintiff and class members before 8:00 a.m. or after 9:00 p.m., local time, in violation of the TCPA and its implementing regulations;

a. Whether each such text message constitutes a separate violation of the TCPA's quiet hours provision, 47 C.F.R. § 64.1200(c)(1);
b. Whether Defendant had policies or procedures in place to ensure compliance with the TCPA's quiet hours restrictions;
c. Whether Defendant failed to implement practices to avoid contacting consumers during prohibited quiet hours;
d. Whether Defendant's violations of the TCPA were knowing and/or willful within the meaning of 47 U.S.C. § 227(c)(5);
e. Whether Plaintiff and class members are entitled to statutory damages for each violative text message, and in what amount;
f. Whether Plaintiff and class members are entitled to treble damages for Defendant's willful and knowing violations of the TCPA;
g. Whether Defendant's conduct caused class members to suffer common types of harm, including invasion of privacy, annoyance, intrusion upon seclusion, and disruption of daily life;
h. Whether Defendant's conduct warrants injunctive relief to prevent further violations of the TCPA's quiet hours provision;

i. Whether the means by which Defendant transmitted the subject messages—regardless of whether an autodialer was used—fall within the scope of conduct prohibited by 47 U.S.C. § 227(c);

j. Whether identifying violations of the quiet hours provision can be accomplished through objective criteria using Defendant's outbound message records, timestamps, and consumer data;

k. Whether common evidence, including Defendant's own records, is sufficient to establish Defendant's liability on a class-wide basis without individualized determinations;

l. Whether Defendant used an ATDS within the meaning of 47 U.S.C. § 227(a)(1) to transmit marketing text messages to Plaintiff and class members;

m. Whether Defendant obtained prior express written consent satisfying 47 C.F.R. § 64.1200(f)(9) before transmitting automated marketing text messages to Plaintiff and class members;

n. Whether any opt-in disclosure used by Defendant in its text message sign-up process constitutes prior express written consent under 47 C.F.R. § 64.1200(f)(9);

o. Whether Plaintiff and class members are entitled to statutory damages of $500 per violation under 47 U.S.C. § 227(b)(3)(B);

p. Whether Defendant's violations were knowing or willful, entitling Plaintiff and class members to treble damages of up to $1,500 per violation under 47 U.S.C. § 227(b)(3).

59. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephone solicitations without consent is accurate, Plaintiff and the class members will have identical claims capable of being efficiently adjudicated and administered in this case.

TYPICALITY

60. Plaintiff's claims are typical of the claims of the class members, as they are all based on the same factual and legal theories.

ADEQUACY

61. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests are aligned with those of the Classes because they are based on the same legal theory and factual allegations.

62. Plaintiff has retained counsel experienced in prosecuting TCPA class actions and will vigorously pursue this matter on behalf of the Classes.

SUPERIORITY

63. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

64. The damages suffered by individual class members are relatively small compared to the burden and expense of individual litigation, making class treatment appropriate.

65. Class-wide adjudication will avoid the risk of inconsistent rulings and will promote judicial efficiency by resolving common legal and factual issues in a single proceeding.

66. Defendant's conduct applies equally to all class members, making injunctive relief appropriate on a class-wide basis to prevent further violations.

67. The prosecution of separate actions by individual class members would create a risk of inconsistent adjudications and would unnecessarily burden the judicial system.

68. Certification of the proposed Classes is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods of adjudicating this dispute.

69. Certification is also appropriate under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to the Classes, making final injunctive relief appropriate for the Classes as a whole.

## FIRST CAUSE OF ACTION
## Violations of the Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. § 227(c) and 64.1200
## [Individually and on Behalf of All Classes]

70. Plaintiff hereby re-alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

71. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(1), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1). This restriction applies to all telephone solicitations transmitted to residential telephone subscribers at prohibited hours and constitutes a non-waivable consumer protection baseline that operates independently of any consent or business relationship between the sender and the recipient.

72. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(c).

73. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5). The private right of action established by § 227(c)(5)

encompasses violations of 47 C.F.R. § 64.1200(c)(1), which was adopted by the FCC pursuant to its authority under § 227(c)(1) to prescribe regulations protecting residential telephone subscribers' privacy rights, and which is a valid basis for private enforcement actions under § 227(c)(5).

74. The text messages transmitted by Defendant to Plaintiff and class members constitute "telephone solicitations" as that term is used in 47 C.F.R. § 64.1200(c)(1) because they were initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. The fact that certain class members may have agreed to receive marketing text messages from Defendant generally does not transform those messages into a category of communication exempt from the TCPA's quiet hours restriction. The quiet hours restriction applies to the content and timing of the communication, not solely to whether the recipient previously indicated a general willingness to receive marketing materials.

75. No invitation or permission encompassed the specific hours during which Defendant transmitted its messages to class members.

76. Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the class members before the hour of 8 a.m. or after the hour of 9 p.m. (local time at the called party's location). At all times relevant to this action, Plaintiff was physically located in Los Angeles

County, California.

77. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation. 47 U.S.C. § 227(c)(5).

78. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation. 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the Telephone Consumer Protection Act (TCPA)**
**47 U.S.C. § 227(b) and 64.1200**
**[Individually and on Behalf of All Classes]**

79. Plaintiff hereby re-alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of this Complaint as though set forth fully herein

80. Section 227(b)(1)(A)(iii) of the TCPA prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). The term "call" as used in § 227(b)(1)(A)(iii) encompasses text messages transmitted to cellular telephone

numbers. The cellular telephone number ending in 8888 to which Defendant transmitted the text messages at issue in this action is assigned to a cellular telephone service.

81. An “automatic telephone dialing system” (“ATDS”) is defined under the TCPA as “equipment which has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.” 47 U.S.C. § 227(a)(1). To qualify as an ATDS, a system must use a random or sequential number generator either to store or to produce the telephone numbers it dials.

82. On information and belief, Defendant transmitted the text messages at issue in this action using an automatic telephone dialing system within the meaning of 47 U.S.C. § 227(a)(1). The system used by Defendant to transmit mass marketing text messages to Plaintiff and class members via short code 70377 has the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers. Defendant’s text message marketing system is capable of, and does, automatically generate, store, and transmit messages to large volumes of telephone numbers with minimal human intervention, in a manner consistent with the operation of an automatic telephone dialing system as defined by the TCPA.

83. Defendant transmitted its marketing text messages via short code. Short

codes are five or six digit telephone numbers used exclusively for high-volume, automated application-to-person ("A2P") messaging. Unlike standard ten-digit telephone numbers used for person-to-person communications, short codes are specifically designed, licensed, and deployed for automated mass messaging to large numbers of recipients. On information and belief, the platform utilized by Defendant to operate its short code employs automated systems with the capacity to store telephone numbers and transmit messages to those numbers in automated, high-volume batches, with functionality consistent with an ATDS as defined under the TCPA.

84. For telemarketing calls and text messages transmitted using an ATDS to a cellular telephone, the TCPA requires "prior express written consent" as defined by 47 C.F.R. § 64.1200(f)(9). Under that regulation, prior express written consent must be evidenced by a written agreement, signed by the person called, that clearly and conspicuously authorizes the seller to deliver or cause to be delivered to the signatory "telemarketing calls or texts using an automatic telephone dialing system or an artificial or prerecorded voice," and that discloses that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. 47 C.F.R. § 64.1200(f)(9)(i)-(ii).

85. Defendant failed to obtain Plaintiff's prior express written consent within the meaning of 47 C.F.R. § 64.1200(f)(9) before transmitting automated

marketing text messages to Plaintiff's cellular telephone. Alternatively, any purported consent did not encompass the transmission of such messages before 8:00 a.m. or after 9:00 p.m. local time at Plaintiff's location.

86. On information and belief, Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were knowing and willful. Defendant knew or should have known that its text message marketing system constituted an ATDS within the meaning of the TCPA, that prior express written consent as defined by 47 C.F.R. § 64.1200(f)(9) was required before transmitting automated telemarketing texts to cellular telephone numbers, and that any opt-in process did not satisfy that regulatory standard. Defendant's continued transmission of automated marketing text messages to Plaintiff and class members without legally sufficient prior express written consent was a knowing and willful violation of § 227(b)(1)(A)(iii).

87. On information and belief, Defendant transmitted automated marketing text messages via short code to thousands of cellular telephone numbers using the same or substantially similar system and process.

88. Pursuant to § 227(b)(3) of the TCPA, Plaintiff and the class members are entitled to an award of $500.00 in statutory damages for each and every violation of 47 U.S.C. § 227(b)(1)(A)(iii). 47 U.S.C. § 227(b)(3)(B).

89. Pursuant to § 227(b)(3) of the TCPA, Plaintiff and the class members are entitled to an award of up to $1,500.00 in statutory damages for each and every

knowing or willful violation of 47 U.S.C. § 227(b)(1)(A)(iii). 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and members of the Classes, prays for judgment against all Defendants, and each of them, as follows:

1. Certifying this case as a class action pursuant to R23 of the FRCP;
2. Appointing Plaintiff as the representative of the Classes;
3. Appointing Plaintiff's counsel as class Counsel;
4. Awarding statutory damages of $500 per violation, and up to $1,500 per willful or knowing violation, to Plaintiff and each class member pursuant to 47 U.S.C. § 227(c)(5);
5. Awarding statutory damages of $500 per violation of 47 U.S.C. § 227(b)(1)(A)(iii), and up to $1,500 per knowing or willful violation, to Plaintiff and each class member pursuant to 47 U.S.C. § 227(b)(3);
6. Injunctive relief;
7. Reasonable attorneys' fees and costs as permitted by law;
8. Pre-judgment and post-judgment interest as permitted by law; and
9. Any other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: March 6, 2026

Respectfully submitted,

By: */s/ Raphael Janove*
Raphael Janove
**JANOVE PLLC**
500 7th Ave., 8th Floor
New York, NY 10018
Tel: (646) 347-3940
raphael@janove.law

Jared Walder, ESQ (*pro hac vice* forthcoming)
**R23 LAW APC**
633 W 5th St., 26th Floor
Los Angeles, CA 90071
Tel: (888) 533-2948
jared@R23Law.com

*Attorneys for Plaintiff and the Proposed Classes*